UNITED STATES v. PACIFIC TRADING CO.

**No. 4896.**—Entered at San Francisco, Calif., October 27, 1938. Entry No. 3862.

(Decided May 7, 1940)

*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the plaintiff.
*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the defendant.

CLINE, Judge: This is an appeal for a reappraisement filed by the collector of customs at the port of San Francisco, The merchandise under appraisement, which is described on the appeal as "Japanese Vegetables (PT) 5 cases Seaweed (Asakusa Nori)," was entered and appraised at 192 yen per case.

At the trial the plaintiff called Mr. Harry L. Weidner who testified that he is a United States examiner and that he made the examination and advisory appraisement of the merchandise herein involved. In explaining the circumstances surrounding the appraisement he said:

Some of the items were invoiced correctly, that is, the correct value. Others were undervalued, but it happened to be of a type of merchandise, pickled radishes and fruits, and so forth, that come in a bulk, where there are several different qualities, and we really can't tell right to the dot on several of those items whether or not, which quality it is, rather which quality is in these tubs. We had no consular invoice to work with. We worked on the pro forma invoice. I returned it at the values invoiced on the pro forma. Later on we received a consular invoice, or, rather, the collector did, showing a higher value. We in turn turned it over—there were 3 of these invoices—we turned them over to the agency service for investigation. Now, that is as far as I know. That is all.

The case was submitted without the introduction of further evidence. An examination of the record fails to disclose sufficient evidence to overcome the presumption of correctness attaching to the appraiser's return. In a reappraisement case the plaintiff has the burden of proving every element necessary to enable the court to make a valid appraisement and that burden rests on the Government in a collector's appeal. *Stone & Downer Co. (Dennison Manufacturing Co.)* v. *United States*, 21 C. C. P. A. 479, T. D. 46958. In the case of *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, 42, T. D. 43324, the court said:

Accordingly, it is incumbent upon the party who perfected the appeal to meet every material issue involved in the case. If he fails to do so, his appeal is subject to dismissal by the trial court, in which event the appraised value would be in full force and effect. *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 278, T. D. 43120.

As the plaintiff failed to offer evidence to prove every element necessary to establish value, the court is unable to appraise the merchandise. Accordingly, the appeal is hereby dismissed. Judgment will be entered accordingly.